Pee. Curiam.
 

 Lillard and Hough were sureties in an administration bond, with William Neely, administrator of Isaac Lillard. The plaintiffs sued Neely, as administrator, for a debt due from' Lillard in his lifetime. Upon the plea of payment, they obtained' judgment, and took out
 
 &fi.
 
 fa., to which
 
 nulla Iona
 
 was returned. All this is stated in the declaration; after which it is also stated therein that the administrator had not well and truly administrated the goods and chattels which were of the said Isaac Lillard, according to law,' by virtue of which the plaintiffs were injured, and obtained an assignment of the bond, by reason whereof an action • hath accrued, to demand and receive of the defendants 120,000, the penalty. Nevertheless, the defendants of Neely have not paid to the Governor, or his successors, or the plaintiffs, the said sum of $20,000, &c. The defendant prayed oyer of the bond and condition, which is again set out and then pleaded ; first, performances, generally; secondly, kept and. performed, &c.; thirdly, fully administered; fourthly, to the same effect; fifthly, • the judgment against Neely was
 
 in proprio
 
 jure, and not as administrator; sixthly, fully administered before notice of the debt of the plaintiff ; seventhly,
 
 nul tiel record
 
 of that judgment; eighthly, no process served on Neely before the judgmentninthly, the Governor did not assign; tenthly, Neely did not waste to the amount of $20,000; eleventhly, after the * judgment, Neely was taken by
 
 ea. sa.
 
 All these -pleas conclude with' a verification. There is a demurrer and rejoinder upon all these
 
 *308
 
 pleas but the seventh and ninth. As to these the opinion of the court is not required.
 

 The first question is, is here a breach well assigned in the declaration ? The old way was to declare upon the bond the defendant craved oyer of the bond and condition, which being set out, he pleaded performance of the condition, to which the plaintiff replied, setting forth a breach specially, upon which issue was joined. Cro. E. 749. The modern practice is, to set forth the bond and condition in the declaration, and assign the breach, to which the defendant pleads and they go to issue. The plea of the defendant must state a special performance, showing when, where, and how he performed. He must conclude so as not to make necessary any reassignment of the breach, just as he would meet a breach assigned in the replication, to a plea of general performance. 2 Johnston, 413.
 

 The breach in this declaration need not be more special than it is. 2 Sand. 411, in a note. It passes over the inventory and the distribution, and fixes upon non-administration according to law, the matter that is injurious to them. The amount of assets that came to his hands is stated. It might have stated that he did not pay the sum recovered, but even then the evidence would not be more narrowed down to a point. ' For with or without that particularity, he must have produced evidence of the state of his assets and disbursements. It states a debt due and judgment for it; the obligation of the sureties, the failure of the administrator to pay, the sufficiency of the assets that came to his hands, and injury thereupon, and a right to demand the amount of $20,000. The defendants are apprised of the testimony to be offered against them. And if all be true that is stated in the * declaration, the defendants cannot but be liable to the plaintiff, though the several parts are not stated in the best possible form. It is not wrong to claim the penalty of the bond, the $20,000. It is agreeable to our act of 1801, ch. 6, § 66, which directs judgment to be entered for the penalty, to be discharged by the damage assessed by the jury similar to the British practice under the act of 8 and 9 William III. ch. 11, .§ 8.
 

 As to the pleas, the first, second, third, fourth, and sixth, are affirmative pleas, containing a negative of the breaches stated in the declaration. They are in direct opposition to the matters stated in
 
 *309
 
 the breach, and that makes an issue, as much as a breach in the affirmative and a plea in the negative of that matter. In either case the plea should offer an issue. For a verification must produce a replication, denying the plea, and upon that the same issue as if it were joined upon the plea. Simplify it. You did not administer; answer, I did; replication, You did not. How does that differ from this statement? You did not administer ; answer, I did, and issue upon that. It eventuates in the same contest, one by circuity and the other directly ; therefore the issue ought to be offered at once. Verification is not proper where the matter of the plea is in direct opposition to the declaration. It is only proper where there is new matter in the plea, that the replication may traverse or avoid. Let us give an example. The plea is, folly administered, the replication is, that he has assets ; this is in words affirmative, in matter negative, therefore it must conclude to the country. Yelv. 137. The breach in a declaration is, that he did not pay at the day; the plea that he did must conclude to the country, though the words be in the affirmative. Carth. 88. These pleas, therefore, are not improperly concluded.
 

 The fifth plea says, the judgment against Neely * was
 
 in proprio
 
 jure, and not as administrator. This is in effect to say, there is no such record as that stated in the declaration, and then the plea ought to say directly,
 
 nul tiel
 
 record, concluding as this plea is concluded (5 Com. Dig. D; 2 W. 13), and thereupon the court would have commanded the plaintiffs to produce the record, and would have given a day to produce it. 2 Chitty, 602, 603. This is the proper plea, where there is no record, or one variant from that set out. 5 Com. Dig.; 2 W. 38; 6 Com. Dig. “Record” C. If it were deemed right to state the import and effect of the record, then the plaintiffs must reply upon the import or effect, and issue be taken upon it, which at least produces prolixity, if not perplexity as to the mode of trial.
 

 The eighth plea is, that no process was served on Neely before the judgment against him. The judgment indeed would be void, if Neely had no notice to defend himself against it. But he might have had notice without service of process. He may have admitted service, and it appeal’s by the record that he pleaded the plea of payment. Appearance cures the want of process.
 

 The eleventh plea is, that Neely wás taken by a
 
 ca. sa.
 
 Answer:
 
 *310
 
 that is no satisfaction of the demand or extinguishment of it. Bl. Rep. 1235; Kidd. 72, 75; 3 Mod. 86.
 

 It may be, and very probably is true, that the sureties have a right to urge and prove the plea of fully administered. And that they are not concluded without notice of the former proceedings, being
 
 ex parte
 
 as to them. But then they ought to state this plea so as to induce an issue without circuity.
 

 Let the parties amend on both sides and go to issue.
 

 The next inquiry is, what is the consequence of a wrong conclusion ? Upon, general • demurrer, being matter of form, the court will not consider it as fatal to the plea, since the statute of the 4th and 5th of Am. Cha. 16. It must be demurred to specially, and * then the court will set aside the plea. 1.Saund. 183, note 1; 5 Com. Dig. “ Pleader E.” 32. But then our act of 1809, ch. 49, § 24, is interposed, and prevents the judgment which would have been given before it: “No summons, writ, declaration, return, process, or other proceeding, shall be abated or quashed for any omission, defect, or imperfection, but the court shall permit either of the parties to amend,” &c.
 

 See as to
 
 amendment, Overton
 
 v.
 
 Crabb,
 
 4 Hay. 109; as to
 
 verification, McKaimy
 
 v.
 
 Keller,
 
 3 Yer. 432. See King’s Digest, 564, 572, 9098, 9222, 10, 143, 10, 199.